IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DIRECTV, INC.,**

    **Plaintiff,**

v.                                                            CIV No. 03-616 JC/LFG

**ALBERTO ANDRADA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Alberto Andrada's *Motion to Dismiss Count 3 of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)*, filed September 22, 2003 (*Doc. 13*). Having reviewed the motion, memoranda and all relevant authority, the Court being fully advised, finds the motion well-taken, and it is therefore granted.

**I.**     **Background**

DIRECTV is a California corporation that provides satellite television broadcasts throughout the United States. To receive the benefit of DIRECTV's Satellite Programming, a subscriber obtains a fixed outdoor satellite dish designed to capture satellite signals. The satellite dish connects to an indoor satellite receiver that is connected by cable to a television monitor. In order to obtain a functioning satellite signal, a user must subscribe and pay a fee to DIRECTV. Encryption technology prevents the unauthorized reception and use of DIRECTV's broadcasts by individuals who have not paid for the company's services.

Such encryption technology is not flawless, and companies throughout the nation and foreign countries have invented devices to surreptitiously pirate DIRECTV's signals. These

devices allow users to override DIRECTV's encryption and obtain satellite programming without payment to DIRECTV. Plaintiff alleges that Defendant Andrada, who is a resident of New Mexico, purchased and illegally used an illegal pirate access device to obtain DIRECTV's satellite programming.

## II.     Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) *cert. denied*, 72 U.S.L.W. 3535 (U.S. 2004) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.    Discussion

This case presents a straightforward issue of statutory interpretation, which the court decides as a matter of law. *P & G Co. v. Haugin,* 222 F.3d 1262, 1271 (10th Cir. 2000); *Linsay v. Thiokol Corp.*, 112 F.3d 1068, 1069 (10th Cir. 1997). Determining congressional intent is the purpose of statutory construction. *Southern Ute Indian Tribe v. Amoco Prod. Co.,* 119 F.3d 816, 820 (10th Cir. 1997). "The starting point in statutory construction must be the language of the statute itself." *Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir. 1993). If the statutory

language is plain, a court's interpretive function ceases, and it must construe the statute based on the statute's own language. *Griffith v. United States* (*In re Griffith*), 206 F.3d 1389, 1393 (11th Cir. 2000) *cert. denied*, 69 U.S.L.W. 3225. To determine a statute's plain meaning, the court "must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *United States ex rel. Holmes v. Consumer Ins. Group,* 318 F.3d 1199, 1216 (10th Cir. 2003).

DIRECTV alleges that Defendant Andrada is civilly liable pursuant to the Electronic Communications Privacy Act of 1986 (the "Wiretap Act"), 18 U.S.C. §§ 2510-2522. Specifically, Count Three of the Complaint states that Defendant possessed, manufactured, and/or assembled a device designed for the primary purpose of the surreptitious interception of electronic communications, in violation of 18 U.S.C. § 2512. Thus Plaintiff will recover on Count III if it demonstrates that Defendant possessed, manufactured, and/or assembled a prohibited device; Plaintiff need not provide proof that Defendant participated in the actual interception, disclosure or intentional use of a protected communication.

Critical to the issue before the Court is Plaintiff's use of the criminal statute, § 2512(1)(b). Although § 2512 provides for criminal penalties, Plaintiff asserts that 18 U.S.C. § 2520(a) allows for a civil cause of action for all sections of the Wiretap Act, including § 2512. Defendant argues that Count Three fails to state a claim upon which relief can be granted, as §2520 does not provide a private cause of action for violations of § 2512. In recent years, federal district courts have struggled with the question of whether Congress intended § 2520 to provide a civil cause of action for claims under § 2512. Currently, courts are split on the issue. Having reviewed the statutory language and the case law, the Court concludes that the plain language of § 2520(a)

does not allow for a private cause of action under § 2512(1)(b). For the subsequent reasons, Defendant's motion to dismiss is granted.

    A.    *Statutory Construction and Analysis*

To begin the analysis, the Court must first look to § 2512. This section provides that a person commits a felony if he intentionally:

> manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce;

§2512(1)(b). As previously mentioned, § 2512 is a criminal statute due to the penal punishments provided. Importantly, § 2512 does not require the prosecution to prove actual interception of communications; mere possession of a prohibited device is sufficient for criminal punishment.

Plaintiff asserts that § 2520 provides for civil damages under § 2512. Section 2520 declares:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

§ 2520 (a). Section 2520 provides for civil penalties of up to $10,000. § 2520(c)(2)(B). Consistent with basic statutory construction, the Court concludes that there are two primary reasons why § 2520 does not support a civil cause of action under § 2512. First, by its plain language, § 2520 does not authorize a civil penalty for every violation of the Wiretap Act, as the section clearly authorizes relief only for a "person whose wire, oral or electronic communication

is intercepted, disclosed, or intentionally used...." § 2520(a). Proof need only be had for the actual interception, disclosure or usage in violation of the law. Unambiguously, the statute does not provide for civil remedies for the mere possession of an unlawful device.

Second, elementary sentence and grammatical structure dictate that the statute's civil penalties are limited to those actions mentioned in the statute itself (interception, disclosure and usage). Reviewing the language of § 2520(a), the initial clause broadly defines a plaintiff as anyone "whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter...." This same clause next allows such a plaintiff to recover in a civil action. The concluding clause in § 2520(a), however, limits the statute's civil remedies due to the phrase "that violation," which grammatically and structurally must refer to "intercepted, disclosed, or intentionally used" in the previous clause. Due to its limiting phraseology in the final clause, § 2520(a) only provides for a private cause of action for those violations within the statue itself.

DIRECTV proffers an argument that not only ignores the grammatical structure of § 2520(a) but also distorts the basic language of the statute. DIRECTV contends:

> As amended, the private cause of action under Section 2520 is no longer limited to claims against a *defendant* who intercepted, disclosed or used an electronic communication, but has instead been expanded to permit any *plaintiff* whose electronic communication has been intercepted, disclosed, or used, to sue those who "engaged" in any violation of Chapter 119, including Section 2512. Thus, the statute now defines the class of potential defendants as any person "engaged in" a "violation of this chapter."

*Plaintiff's Response to Defendant's Motion to Dismiss Count 3*, filed October 6, 2003, at 6 (*Doc.15*) (emphasis in original). Plaintiff's argument excises the phrase "that violation" and

-5-

replaces it with "a violation." As discussed previously, a private right of action is authorized only against a person who engaged in "that violation." Such obfuscation of the wording in § 2520(a) is a thinly veiled attempt to alter and expand the statute for DIRECTV's own ends.

  B. *Conflicting Case Law Under Section 2520(a)*

Throughout the nation many district courts have been confronted with the issue of whether § 2520 provides a private cause of action for violations of § 2512. Having reviewed most, if not all of the decisions, this Court finds persuasive the well-reasoned analyses of *DIRECTV, Inc. v. Jerolleman,* 2003 WL 22697177 (E.D.La. Nov. 12, 2003); *DIRECTV, Inc. v. Hosey*, 289 F. Supp.2d 1259 (D.Kan. Sept. 11. 2003) *DIRECTV, Inc. v. Beecher*, 03-cv-0309 (S.D. Indiana Nov. 7, 2003); *DIRECTV, Inc. v. Rodriguez*, 03-cv-711 (M.D. Fla. Sept. 9, 2003); *DIRECTV, Inc. v. Cardona*, 275 F. Supp.2d 1357 (M.D. Fla. July 8, 2003); *DIRECTV, Inc. v. Amato*, 269 F. Supp.2d 688 (E.D.Va. June 20, 2003). In essence, each of these cases found that § 2520 did not provide a private cause of action under § 2512.[1] A detailed discussion of these cases, however, would merely create additional employment for the pulp farmer while not contributing further to the holding by this Court.

The sole appellate court to address the issue is the Fourth Circuit in *Flowers v. Tandy Corp.,* 773 F.2d 585 (4th Cir. 1985). The *Flowers* court determined that § 2520 did not provide a private cause of action under § 2512. In so holding, the court reasoned:

---

[1] An non-exhaustive list of other cases that have found no private right of action include: *DIRECTV, Inc. v. Hutchinson*, 03-cv-1108 (M.D. Fla. Aug. 22, 2003); *DIRECTV, Inc. v. Rendueles*, 03-cv-1053 (M.D. Fla. Aug. 27, 2003); *DIRECTV, Inc. v. Treworgy,* 03-cv-428 (M.D. Fla. Aug. 8, 2003); *DIRECTV, Inc. v. Thacker*, 03-cv-239 (M.D. Fla. April 15, 2003); *DIRECTV, Inc. v. McFadden*, 02-cv-924 (W.D. Mich. Oct. 22, 2003); *DIRECTV, Inc. v. Bush*, 03-1765 (S.D. Tex. Oct. 27, 2003); *DIRECTV, Inc. v. Harris,* 02-3067-18 (S.C. July 24, 2003); *DIRECTV, Inc. v. Maxted*, 02-3192-18 (S.C. July 22, 2003); *DIRECTV, Inc. v. Murray,* 03-0045-18 (S.C. Oct. 6, 2003).

> Though §2520 provides an action for any person whose communication is "intercepted, disclosed or used in *violation of this chapter*," the language defining the class of persons liable is not comparably broad. The statute expressly limits those against whom the private action lies to the person who "intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications." This language tracks very closely the criminal offenses set out in §2511, whereas the criminal offenses set out in § 2512 are defined in such terms as "manufacture," "assemble," "possess," and "sell." The express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512...."

*Id.* at 588-89 (emphasis in original). In *Flowers*, the court thus expressly held that the meaning of § 2520 proscribes any interpretation that would expand the private cause of action beyond that which is detailed within the statute (interception, disclosure or usage...).

Plaintiff argues that *Flowers* is no longer good law due to a congressional amendment in 1986. Plaintiff asserts that the 1986 amendment expanded § 2520 to create a private cause of action for every violation of the Wiretap Act. This argument is without merit, as the pertinent portion of the amendment merely removed the language "or procures any other person to intercept, disclose, or use such communications."[2] This redaction simply foreclosed a victim of such a crime from using § 2520 to sue the manufacturer or seller of an otherwise lawful device that is ultimately used for illegal purposes. *Amato*, 269 F. Supp.2d at 689. The Court therefore concludes that the reasoning in *Flowers* is persuasive.

---

[2] Prior to the 1986 amendment, § 2520 read:
> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communication, and (2) be entitled to recover from any such person....

18 U.S.C. § 2520(a).

In defense of its position, DIRECTV cites various cases that find that §2520 supports a private cause of action under § 2512. These cases include: *DIRECTV, Inc. v. Gerke,* 03-cv-321 (W.D. Tex. July 14, 2003); *DIRECTV, Inc. v. La Andy,* 03-cv-0836 (S.D. Tex., June 17, 2003); *DIRECTV, Inc. v. Calamanco*, 02-4102 (N.D. Iowa Jan. 21, 2003); *DIRECTV, Inc. v. Garcia*, 03-20452 (S.D. Fla. May 21, 2003)*; DIRECTV, Inc. v. Gatsiolis,* 03-3534 (N.D. Il, Aug. 27, 2003); *DIRECTV, Inc. v. Cromedy*, 02-3194-18 (S.C. -- --, 2003); and *DIRECTV, Inc. v. Perez*, 03-3504 (N.D. Il. Aug. 27, 2003). These courts, however, failed to support their findings with compelling analyses. In fact, several courts either ignored the grammatical and syntactical structure of § 2520 concerning "engaged in that violation" or misread the statute. *See e.g. Cromedy*, 02-3194-18 (S.C. -- --, 2003) (finding that the 1986 amendment enabled plaintiffs "injured by violations of Chapter 119, including § 2512, to bring an action against 'the person or entity...who engaged in that violation.'"); *Perez,* 03-3504 (N.D. Il. Aug. 27, 2003) ("If the plaintiff can meet [the] standing threshold, it can then pursue relief from the appropriate defendant (i.e. 'the person or entity...which engaged in *the* violation....'")) (emphasis added); and *Gatsiolis*, 03-3534 (N.D. Il, Aug. 27, 2003) (same analysis as *Perez).* This Court does not find these cases persuasive and respectfully disagrees with their analyses and conclusions regarding the present issue.

## IV.    Conclusion

DIRECTV fails to give sufficient weight to the plain meaning of § 2520. In fact, the plain meaning of § 2520 evinces Congress' intention that the statute allows for only a limited category of violations that may be civilly punishable. DIRECTV's redaction of § 2520 is a clear attempt to side step the statute's plain meaning. Furthermore, this Court finds unpersuasive the cases to

which Plaintiff cites. The Court, therefore, finds Defendant Andrada's Motion to Dismiss well-taken, and it is granted.

Wherefore,

IT IS ORDERED that Defendant's *Motion to Dismiss Count 3 of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)*, filed September 22, 2003 (*Doc. 13*), is GRANTED.

DATED April 1, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

    Freddie Black, Esq.
    GREER, HERZ & ADAMS, LLP
    Galveston, Texas

    William C. Scott, Esq.
    Stan N. Harris, Esq.
    MODRALL, SPERLING, ROEHL HARRIS & SISK, PA
    Albuquerque, New Mexico

Attorney for Defendant:

    Roberta M. Price, Esq.
    Albuquerque, New Mexico